UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JESSE GRAY,<br>    Defendant. | CRIMINAL NO. 5:18-147-KKC<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Jesse Gray's motion for compassionate release. (DE 74.) On April 18, 2019, Gray pleaded guilty to possession with the intent to distribute fentanyl and possession of a firearm in furtherance of drug trafficking. (DE 37 at 1.) This Court sentenced Gray to 132 months of imprisonment on August 13, 2018. (DE 58 at 2.) His projected release date is October 29, 2027. Gray is currently incarcerated at FCI Gilmer.

Gray now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." To support his motion, Gray cites to his underlying conditions of obesity, asthma, and having the "sickle-cell trait" during the COVID-19 pandemic. (DE 74 at 1.) Gray argues that the prison has not implemented adequate measures to best ensure that inmates are not infected with COVID-19. Gray also contends that he has seven children, two of which are not receiving adequate parenting because of their mother's substance abuse. Further, prior to his incarceration, Gray states that he was his ill father's primary caregiver. For the following reasons, Gray's motion (DE 74) is denied.

1

**I.**

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the government does not dispute that Gray has met the exhaustion requirement. (*See* DE 77 at 2.) Therefore, the Court has authority to consider Gray's request for compassionate release.

**II.**

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Gray's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

  (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

  The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

  The Court considered these factors extensively at Gray's sentencing hearing and has reconsidered these factors for the purposes of this motion (DE 57.) The nature and circumstances of Gray's crimes are serious and violent. He pleaded guilty to possessing with the intent to distribute more than 40 grams of fentanyl (DE 37 ¶ 2), and this drug trafficking offense alone suggests that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). He also pleaded guilty to possessing four firearms in connection with this drug trafficking offense. (DE 37 ¶ 3.) Further, the fentanyl and firearms were found during an investigation into Gray's alleged assault of his girlfriend. (DE 37 ¶ 3.) Gray's criminal history is also extensive and includes convictions for multiple drug and firearm offenses. (PSR ¶¶ 26-37.) Based upon the record before it, the Court cannot find that Gray would not pose a danger to the community if he were to be released.

  The guideline range for Gray, as established under the sentencing guidelines, was 144 months to 165 months, but Gray was sentenced to 132 months. (PSR ¶ 69; DE 58 at 2.) Therefore, Gray was sentenced below the sentencing guideline range, and he has only served approximately 24% of his term. (*See* 77-4 at 1.) The Court commends Gray for the steps that

he has taken while incarcerated to rehabilitate himself and those he intends to take after his release.  However, considering the need for Gray's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

As to Gray's assertion that the prison is not taking adequate measures to protect prisoners from infection from COVID-19, this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment.  Such a claim is not proper on a motion for compassionate release.  Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody."  *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

### III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Gray's release at this time.  The Court HEREBY ORDERS that Defendant Jesse Gray's motion for compassionate release (DE 74) is DENIED.

Dated February 17, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY